IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY QUALLS,

    Plaintiff,

v.                                                Case No. 1:23-cv-00175

STEVEN JEREMY BURSE,
R & R TRANSPORTATION INC, and
R & R TRANSPORTATION INC OF
NORTH DAKOTA

    Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants, Steven Jeremy Burse ("Burse") and R & R Transportation, Inc. (improperly named as both "R & R Transportation Inc" and "R&R Transportation Inc of North Dakota") ("R & R") (collectively, "Defendants"), file this Notice of Removal to effectuate removal to this Court from the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendants set forth the following "short and plain statement of the grounds for removal."

### I.    THE REMOVED CASE

1.    The removed case is a civil action filed with the Fourth Judicial District Court of Guadalupe County, New Mexico, on December 9, 2022, styled *Gary Qualls v. Steven Jeremy Burse, et al.*, Case No. D-424-CV-2022-00062 (the "state court action").

### II.    DOCUMENTS FROM THE REMOVED ACTION

2.    Pursuant to 28 U.S.C. 1446(a) and Federal Rule of Civil Procedure 81,

Defendants attach a copy of all process, pleadings, and orders served upon Defendants as Exhibit "A" to this Notice of Removal. Additionally, Defendants are simultaneously filing a separately signed Disclosure Statement that complies with Federal Rule of Civil Procedure 7.1.

### III. REMOVAL IS TIMELY

3. Plaintiff, Gary Qualls ("Plaintiff" or "Qualls"), filed the state court action against Defendants with the Fourth Judicial District Court of Guadalupe County, New Mexico (the "state court") on December 9, 2022. Ex. "A" at 6. Defendant R & R was served with Plaintiff's Original Complaint to Recover Damages for Personal Injuries (the "Complaint") on December 12, 2022; Defendant Burse was served with the Complaint through the undersigned counsel on January 30, 2023. *Id.* at 13; email dated Jan. 30, 2023, a true and correct copy of which is attached hereto as Exhibit "B" to this Notice of Removal. Although Plaintiff also named "R & R Transportation Inc of North Dakota" in this lawsuit, no such entity actually exists and Plaintiff has previously agreed to dismiss that non-entity from this litigation. *See* Ex. "B." In the Complaint, Plaintiff asserts negligence-based causes of action and claims for personal injury damages against Defendants. Ex. "A" at 6-10.

4. Defendants file, and all consent to, this Notice of Removal within thirty days after Defendant Burse was served with the Complaint, and therefore contend that this removal was and is timely made. *See* 28 U.S.C. § 1446(b)(3).

### IV. VENUE IS PROPER

5. The United States District Court for the District of New Mexico is the

proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the state court is located within the jurisdiction of the United States District Court for the District of New Mexico.

## V.   DIVERSITY OF CITIZENSHIP EXISTS

6. This is a civil action that falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

7. As admitted in the Complaint, "Plaintiff is an individual resident of the State of Texas." *See* Ex. "A" at 6. Therefore, Defendants contend that Plaintiff is considered a resident and citizen of the State of Texas.

8. As alleged in the Complaint, Defendant R & R is a foreign corporation organized under the laws of the State of North Dakota. Defendant R & R's primary place of business is in the State of Minnesota. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant R & R is not a citizen of the State of New Mexico. Rather, Defendant R & R is a citizen of both the States of North Dakota and Minnesota.

9. As also alleged in the Complaint, Defendant Burse is a resident and citizen of the State of California.

10. Plaintiff alleges in the Complaint that "R & R TRANSPORTATION INC, [sic] OF NORTH DAKOTA is a foreign corporation with home jurisdiction of North Dakota and its Registered Home Office in Minnesota." *See* Ex. "A" at 7. However, that entity does not actually exist and its citizenship can be disregarded for purposes of determining whether complete diversity exists. *See id.*; 28 U.S.C. § 1441(b)(1) ("In

determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

11.     Because Plaintiff is a citizen of the State of Texas and Defendants are citizens of California, North Dakota, and/or Minnesota, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## VI.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12.     In his Complaint, Plaintiff does not allege a specific dollar amount for the damages that he claims to have sustained as a result of the events and alleged in the Complaint. His allegations, however, demonstrate that he is seeking more than the $75,000 in damages required by 28 U.S.C. § 1332(a) for removal of the state court action to this Court. Plaintiff alleges that he suffered and incurred bodily injuries, physical and mental pain and suffering, past and future medical expenses, loss of enjoyment of life, bodily impairment, loss of household services, and lost income as a result of the subject accident. *See* Ex. "A" at 10.

13.     Further, on February 6, 2020, Plaintiff's workers' compensation insurance carrier, Occupational Accident Risk, Inc. ("OARI"), sent a letter to Defendants' insurer stating that as of that date Plaintiff was still actively receiving medical treatment and disability benefits stemming from the injuries he allegedly sustained during the subject accident. *See* correspondence from OARI dated Feb. 6, 2020, a true and correct copy of which is attached hereto as Exhibit "C" to this Notice of Removal. OARI attached to its letter an itemization of what it had allegedly paid

for those alleged medical and disability benefits as of that date. *See id.* That itemization appears to total at least $71,086.10, including $19,108.84 in medical payments, $48,714.12 in indemnity payments, and $3,263.14 in other expenses allegedly stemming from the subject accident. *See id.* Based on that lien amount alone, which indicates that Plaintiff's claimed special damages in this case will total at least $71,086.10, combined with Plaintiff's claimed general damages, Plaintiff's total claimed and alleged damages clearly exceed $75,000. *See id.*

14.  The Court may determine from a "common-sense reading of the complaint" whether a plaintiff is seeking damages in excess of the amount in controversy. *See, McCoy v. General Motors Corp.*, 226 F. Supp.2d 939, 941 (N.D. Ill. 2002); *see also, Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1329 (N.D. Ind. 1991). Given Plaintiff's claims for multiple categories of special and general damages, and given the apparent amounts of Plaintiff's claimed special damages, which may still be growing, the Court may properly conclude that Plaintiff is claiming damages in excess of $75,000. *See, Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (holding that the federal district court reasonably speculated that jurisdictional amount in controversy would be satisfied given complexity of case).

15.  Based on the aforementioned facts, the state court action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of New Mexico; (ii) this action is between citizens of different states; and (iii) the amount in controversy will exceed $75,000,

exclusive of interest and costs.

## VII. FILING OF REMOVAL PAPERS

16. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of its Notice of Removal to all counsel of record, and Defendants are filing a copy of the Notice of Removal with the clerk of the state court where this action was originally commenced.

## VIII. CONCLUSION

17. Defendants, Steven Jeremy Burse and R & R Transportation, Inc. (improperly named as both "R & R Transportation Inc" and "R&R Transportation Inc of North Dakota"), hereby remove the above-captioned action from the Fourth Judicial District Court of Guadalupe County, New Mexico, and request that further proceedings be conducted in the United States District Court for the District of New Mexico as provided by law.

Respectfully submitted,

**MAYER LLP**

By:    */s/ Ryan T. Goodhue*
       Brian J. Fisher
       Ryan T. Goodhue

9400 Holly Avenue NE, Building 3
Albuquerque, New Mexico 87122
Telephone:  505.483.1840
Facsimile:   505.483.1841
Email:       BFisher@mayerllp.com
              RGoodhue@mayerllp.com

*Attorneys for Defendants Steven Jeremy Burse and R & R Transportation, Inc. (improperly named as both "R & R Transportation Inc" and "R&R Transportation Inc of North Dakota")*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via ECF and/or electronic mail to the following counsel of record on March 1, 2023:

Austin M. Carrizales
LONCAR LYON JENKINS
2012 Broadway
Lubbock, Texas 79401
acarrizales@loncarassociates.com
jsgentry@loncarassociates.com

By:    */s/ Ryan T. Goodhue*
       Ryan T. Goodhue

9181158v4 (11017.00003)